UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PANDA RESTAURANT GROUP, INC.,

    Plaintiff,

v.

                              Civil Action No.

PANDA 1 EXPRESS, INC., and
SAMUEL HE HUANG,

    Defendants.
_____/

John A. Artz (P 24679)
John S. Artz (P 48578)
Thomas E. Donohue (P 57089)
**DICKINSON WRIGHT, PLLC**
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304-5092
Tel.  (248) 433-7200
Fax.  (248) 433-7274
jaartz@dickinsonwright.com
tdonohue@dickinsonwright.com
jsartz@dickinsonwright.com

*Attorneys for Plaintiff*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PANDA RESTAURANT GROUP, INC., by and through its counsel, JOHN A. ARTZ and DICKINSON WRIGHT PLLC, by way of Complaint against the Defendants, PANDA 1 EXPRESS, INC. and SAMUEL HE HUANG, hereby aver and allege as follows:

## THE PARTIES

1. Plaintiff, PANDA RESTAURANT GROUP, INC. ("PANDA RG"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1683 Walnut Grove Avenue, Rosemead, California 91770.

2. Upon information and belief, Defendant PANDA 1 EXPRESS, INC. ("PANDA 1"), is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 15199 E. 12 Mile Road, Roseville, Michigan 48066.

3. Upon information and belief, Defendant SAMUEL HE HUANG ("HUANG"), is an individual residing in Roseville, Michigan, and is the President of PANDA 1.

## JURISDICTION AND VENUE

4. This is an action for trademark and servicemark infringement, unfair competition, false designation of origin, and dilution. The action arises under the trademark laws of the United States, namely Title 15 of the United States Code, and more particularly 15 U.S.C. §1114 and 15 U.S.C. §1116-1118, inclusive and 15 U.S.C. §1125 (a) and (c).

5. This action also arises under the laws of the State of Michigan, namely the Michigan Consumer Protection Act, M.C.L.A. §445.903(1)(a).

6. The Court has jurisdiction under the provisions of 15 U.S.C. §1121 and 28 U.S.C. §1338(a).

7. Upon information and belief, this Court has personal jurisdiction over Defendant HUANG, inasmuch as he resides within this District, conducts business within this District and purposely avails himself of the privilege of organizing and operating a business within the State of Michigan and within this District.

8. Venue is proper with this Court pursuant to 28 U.S.C. §1391(b) and 1391 (c).

## FACTUAL BACKGROUND

**Plaintiffs:**

9. Plaintiff PANDA RG and its predecessors, Panda Inn and Panda Management Company, Inc. have been operating Chinese food restaurants in the United States since 1973.

10. Plaintiff PANDA RG adopted and has used the PANDA EXPRESS trademark and servicemark in connection with its business since at least as early as 1983. Plaintiff is the owner and operator of a chain of PANDA EXPRESS Chinese food restaurants throughout the United States. Plaintiff operated its first PANDA EXPRESS restaurant in 1983 in California and has expanded that chain of restaurants to over 1200 locations in thirty-six (36) U.S. states and territories.

11. There are eight (8) PANDA EXPRESS Chinese food restaurants in the State of Michigan. These are located in the following cities: Ann Arbor (2), Auburn Hills, East

3

Lansing, Kalamazoo, Okemos, Saginaw and Troy. These restaurants started opening in Michigan in 1995 and all except for the second restaurant in Ann Arbor were opened and in full operation prior to 2007.

12. Plaintiff PANDA RG also has adopted and has used the PANDA trademark and servicemark relative to its Chinese food restaurant services.

13. Plaintiff further has adopted and is using the Panda Bear as the logo and symbol for the PANDA EXPRESS restaurants (hereinafter "Panda Bear" logo). The Panda Bear logo was first used at the PANDA EXPRESS restaurants in 1983, and has been used ever since at all of the PANDA EXPRESS restaurants and in the PANDA EXPRESS advertising and promotion continuously to date.

14. Plaintiff is the owner of numerous registered trademarks and servicemarks issued by the United States Patent and Trademark Office. The following Federal Registrations use either the PANDA mark, the PANDA EXPRESS mark, or the Panda Bear logo mark, or a combination thereof:

|     | Mark | Registration No. Date | Goods/Services |
| --- | --- | --- | --- |
| (a) | PANDA EXPRESS | 1,516,769 12/13/83 | Restaurant Services |
| (b) | PANDA EXPRESS | 1,991,081 8/6/96 | Prepared Chinese Food |
| (c) | PANDA EXPRESS AND PANDA BEAR DESIGN | 1,741,866 12/22/92 | Restaurant Services |
| (d) | PANDA EXPRESS AND PANDA BEAR DESIGN | 2,018,848 11/26/96 | Prepared Chinese Food |
| (e) | PANDA BEAR DESIGN | 1,575,742 1/2/90 | Restaurant Services |
| (f) | PANDA BEAR DESIGN | 1,708,093 8/18/92 | Restaurant Services |

| (g) | PANDA BEAR DESIGN | 1,707,360 8/11/92 | Restaurant Services |
|---|---|---|---|
| (h) | PANDA and Design | 2,430,444 2/20/01 | Restaurant Services |
| (i) | PANDA | 2,501,422 10/30/01 | Chinese Fast Food Restaurant and Take-Out Services |

Copies of the nine Federal Registrations are attached hereto as Exhibits A-I.

15. All of the above Registrations are in full force and effect, and are unrevoked and uncancelled. In addition, Registrations (a)-(g) have achieved uncontestable status under the trademark law, 15 U.S.C. §1065.

16. Plaintiff's PANDA, PANDA EXPRESS and Panda Bear logo marks are widely recognized throughout the United States, including in Michigan and in this District, and have gained national renown for high quality food products and restaurant services.

17. Plaintiff's PANDA, PANDA EXPRESS and Panda Bear logo marks have been, and continue to be, widely advertised and promoted through extensive advertising and promotion in virtually all media in the United States, including newspapers, magazines, television, radio, and the internet. The PANDA, PANDA EXPRESS, and Panda Bear logo marks have recently been the subject of a national television advertising campaign. The PANDA EXPRESS restaurants also sponsor numerous sports teams and events.

18. Plaintiff's restaurants and marks have become some of the most widely recognized items in the United States and its marks have become famous. The Plaintiff's PANDA, PANDA EXPRESS and Panda Bear logo marks have become widely identified by customers and the public in general with the Plaintiff.

5

19. Plaintiff also owns and operates several internet addresses which include the "panda" and "panda express" names. Plaintiff has acquired the rights to many of these internet domain names at least as early as 1997.

20. The sales of food products at the PANDA EXPRESS restaurants have averaged approximately one billion dollars ($1,000,000,000) per year for the last four years (2005-2008). The Plaintiff also averaged over ten million dollars ($10,000,000) per year during 2005-2008 in advertising and promoting the PANDA EXPRESS restaurants throughout the United States.

**Defendants:**

21. Upon information and belief, Defendant PANDA 1 EXPRESS, INC., first began business at its one site in Roseville, Michigan, in 2007. Panda 1 Express, Inc. was incorporated in the State of Michigan in April 2007. See Exhibit J.

22. Upon information and belief, Defendant HUANG is the founder and President of Defendant PANDA 1 and is actively involved in running and operating its business. See Exhibit J.

23. The Defendants own and operate a Chinese food restaurant in Roseville, Michigan, within this District. That restaurant operates under the name PANDA 1 EXPRESS and uses a Panda Bear symbol on its signage and promotional items. Attached as Exhibit K are photographs of the Defendants' restaurant signage and delivery truck showing use of both of these names and marks.

24. Upon information and belief, the Defendants were aware of the Plaintiff's name and marks and the Plaintiff's PANDA EXPRESS Chinese food restaurants when the

6

Defendant selected the name PANDA 1 EXPRESS and a Panda Bear logo and opened its Chinese food restaurant in Roseville, Michigan.

25. Plaintiff tried to resolve this matter without resorting to litigation. On August 27, 2008, Plaintiff's Vice President and General Counsel wrote the Defendants and requested that they cease infringing Plaintiff's marks. See Exhibit L. The Defendants, however, refused to do so. See Exhibit M.

## COUNT I – INFRINGEMENT OF FEDERALLY REGISTERED MARKS

26. The Plaintiff repeats and realleges Paragraphs 1-25 as if fully set forth in this paragraph.

27. The Defendants' PANDA 1 EXPRESS is virtually identical in sound, meaning and appearance to Plaintiff's PANDA EXPRESS incontestably registered mark. The Defendants' Panda Bear logo is also virtually identical in meaning and appearance to Plaintiff's Panda Bear incontestably registered mark.

28. The Defendants' name PANDA 1 EXPRESS for a Chinese food restaurant also incorporates the Plaintiff's registered mark PANDA for Chinese fast food restaurant and take-out services.

29. The Plaintiff has expended substantial time and money in using and promoting its PANDA, PANDA EXPRESS, and Panda Bear logo marks as symbols of the quality and indication of origin for the foods and services it provides to the public.

30. The goodwill of the Plaintiff under the PANDA, PANDA EXPRESS. and Panda Bear logo marks is of enormous value to Plaintiff.

7

31. The Defendants have infringed and are still infringing each of Plaintiff's nine (9) Federally Registered trademarks and servicemarks (a)-(i) as set forth above.

32. The infringement by the Defendants has been willful and deliberate, designed specifically to trade upon the name and enormous goodwill associated with the Plaintiff's Chinese food restaurants and food services.

33. The Plaintiff has suffered and will continue to suffer irreparable harm should the Defendants' infringement be allowed to continue to the detriment of the Plaintiff's reputation and goodwill.

34. If not enjoined by this Court, the Defendants' continued use of its confusingly similar PANDA, PANDA 1 EXPRESS and Panda Bear marks will continue to cause confusion for the general public, precursory loss of sales for the Plaintiff, and loss of goodwill and reputation to the Plaintiff.

35. The Plaintiff has been and will continue to be damaged by Defendants' infringement and has no adequate remedy at law. The Defendants' unlawful conduct will continue to damage the Plaintiff unless the Defendants are enjoined by this Court.

## COUNT II – COMMON LAW TRADEMARK AND SERVICEMARK INFRINGEMENT

36. The Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 35 above as though fully set forth herein.

37. Count II is a separate and independent cause of action and arises under common law trademark and servicemark infringement. Count II arises out of a common nucleus of operative facts with Count I.

38. The Plaintiff owns and enjoys common law trademark and servicemark rights in the overall commercial impression and presentation of words and design in the PANDA name, the PANDA EXPRESS name and the Panda Bear logo. The Plaintiff's rights are superior to any rights of the Defendants.

39. The use by the Defendants of a Chinese food restaurant utilizing the name and mark PANDA, PANDA 1 EXPRESS and the logo of a Panda Bear, as well as the advertising and promotion by the Defendants of their restaurant under these names and logo, has caused and will continue to cause confusion as to the source of the services.

40. The Plaintiff has expended substantial time and money in using and promoting its PANDA, PANDA EXPRESS and Panda Bear logo marks as symbols of the quality and the indication of origin for the foods and services it provides to the public.

41. The goodwill of the Plaintiff under the PANDA, PANDA EXPRESS and Panda Bear logo marks is of enormous value to Plaintiff.

42. The Defendants have infringed and are still infringing the Plaintiff's common-law rights in the PANDA, PANDA EXPRESS and Panda Bear logo trademarks and servicemarks.

43. The infringement by the Defendants has been willful and deliberate, designed specifically to trade upon the name and enormous goodwill associated with the Plaintiff's Chinese restaurants and food services.

44. The Plaintiff has suffered and will continue to suffer irreparable harm should the Defendants' infringement be allowed to continue to the detriment of the Plaintiff's reputation and goodwill.

45. If not enjoined by this Court, the Defendants' continued use of its confusingly similar PANDA, PANDA 1 EXPRESS and Panda Bear marks will continue to cause confusion for the general public, precursory loss of sales for the Plaintiff and loss of goodwill and reputation to the Plaintiff.

46. The Plaintiff has been and will continue to be damaged by Defendants' infringement and has no adequate remedy at law. The Defendants' unlawful conduct will continue to damage the Plaintiff unless the Defendants are enjoined by this Court.

## COUNT III – UNFAIR COMPETITION

47. The Plaintiff hereby realleges the allegations contained in paragraphs 1 through 46 above as though fully set forth herein.

48. Count III arises under §43(a) of the Lanham Trademark Act of 1946 (15 U.S.C. §1125(a)).

49. The acts and activities of the Defendants as set forth above constitute unfair competition.

50. The use by the Defendants of a Chinese food restaurant utilizing the name and mark PANDA, PANDA 1 EXPRESS and the logo of a Panda Bear, as well as the advertising and promotion by the Defendants of their restaurant under those names and logo have caused and will continue to cause confusion as to the source of the services.

51. The Plaintiff has expended substantial time and money in using and promoting its PANDA, PANDA EXPRESS and Panda Bear logo marks as symbols of the quality and the indication of origin for the foods and services it provides to the public.

52. The goodwill of the Plaintiff under the PANDA, PANDA EXPRESS and Panda Bear marks is of enormous value to the Plaintiff.

53. The Plaintiff has suffered and will continue to suffer irreparable harm should the Defendants' unfair competition be allowed to continue to the detriment of the Plaintiff's reputation and goodwill.

54. If not enjoined by this Court, the Defendants' continued use of its confusingly similar PANDA, PANDA 1 EXPRESS and Panda Bear marks will continue to cause confusion for the general public, precursory loss of sales for the Plaintiff and loss of goodwill and reputation to the Plaintiff.

55. The Plaintiff has been and will continue to be damaged by Defendants' unfair competition and has no adequate remedy at law. The Defendants' unlawful conduct will continue to damage the Plaintiff unless the Defendants are enjoined by this Court.

## COUNT IV – FALSE DESIGNATION OF ORIGIN

56. Plaintiff hereby repeats and realleges the allegations set forth in Paragraphs 1-55 above as though fully set forth herein.

57. Count IV is an action for false designation of origin pursuant to Section 45(a) of the Lanham Trademark Act of 1946 (15 U.S.C. §1125(a)).

58. The Defendants' use of the PANDA, PANDA EXPRESS and Panda Bear logo trademarks and servicemarks constitute a false designation of origin which is likely to deceive and has deceived customers and prospective customers into believing that Defendants' Chinese food restaurant services are that of the Plaintiff, and as a consequence,

are likely to divert and have diverted customers away from the Plaintiff and its Chinese food restaurant services.

59. The Plaintiff has no control over the nature and quality of the Defendants' Chinese food restaurant services. Any failure, neglect, or default by Defendants in providing such services will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by the Plaintiff to continue to protect its outstanding reputation for high quality services, resulting in the loss of sales thereof and the considerable expenditure to promote its products under the mark, all to the irreparable harm of the Plaintiff.

60. The Defendants' false designation of origin has caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## COUNT V – DILUTION

61. The Plaintiff hereby repeats and realleges the allegations as set forth above in Paragraphs 1-60 as fully set forth herein.

62. The Defendants are using a name and logo which are substantially the same as the Plaintiff's Federally Registered trademarks and servicemarks.

63. The Plaintiff's marks, PANDA, PANDA EXPRESS and the Panda Bear logo are inherently distinctive and readily identify Plaintiff and the services that Plaintiff provides.

64. The Plaintiff's marks PANDA, PANDA EXPRESS and the Panda Bear logo have all acquired distinctiveness through Plaintiff's long and prominent use.

65. The Plaintiff has engaged and continues to engage in substantially exclusive use of its marks.

66. The Plaintiff's trademarks and servicemarks PANDA, PANDA EXPRESS, and the PANDA Bear logo have all become famous due to the duration, extent, and geographical reach of Plaintiff's services and its advertising and publicity.

67. The Plaintiffs trademarks and servicemarks PANDA, PANDA BEAR EXPRESS and the Panda Bear logo are very well known and have a high degree of recognition amongst the public throughout the United States and its territories.

68. The only reasonable explanation for the Defendants' adoption and use of names and marks which are the same as, or virtually identical to, Plaintiff's marks is the Defendants' intent to create an association between Plaintiff and the Defendants.

69. The Defendants' use of Plaintiff's famous marks PANDA, PANDA EXPRESS and Panda Bear logo without Plaintiff's permission constitutes trademark dilution in violation of 15 U.S.C. §1125(c).

70. The Defendants' dilution has been and continues to be egregious, willful, intentional, and in wanton disregard and with full knowledge of Plaintiff's rights.

71. The Defendants' dilution of Plaintiff's PANDA, PANDA EXPRESS, and the Panda Bear logo marks has caused and will continue to cause irreparable injury to Plaintiff's business and reputation.

72. The Defendants' unlawful conduct will continue to damage the Plaintiff unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

## COUNT VI – MICHIGAN'S CONSUMER PROTECTION ACT

73. The Plaintiff hereby repeats and realleges the allegations as set forth above in Paragraphs 1-72 as though fully set forth herein.

74. This is an action for unfair methods of competition and unfair and deceptive acts and practices in the conduct of Defendants' trade and business in violation of Michigan's Consumer Protection Act, M.C.L.A. §445.903(1)(a).

75. By committing the acts herein alleged, the Defendants have been, and will continue to be, guilty of unfair methods of competition and unfair and deceptive acts and practices in the conduct of its trade and business within the State of Michigan in violation of MCL §445.903.

76. The Defendants' unfair and unlawful conduct will continue to damage the Plaintiff unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, PANDA RESTAURANT GROUP, INC. respectfully prays:

1. THAT the Defendants be temporarily and thereafter permanently enjoined from infringing Plaintiff's PANDA, PANDA EXPRESS and Panda Bear logo trademarks and servicemarks.

2. THAT the Defendants be temporarily and thereafter permanently enjoined from using Plaintiff's Federally Registered Trademarks and Servicemarks for PANDA, PANDA EXPRESS and the Panda Bear logo.

3. THAT the Defendants be found to have engaged in unfair competition against Plaintiff.

4. THAT the Defendants be found to have engaged in acts of false designation of origin relative to Plaintiff, Plaintiff's name and marks, and Plaintiff's Chinese food restaurant services.

5. THAT the Defendants be found to have diluted the value and meaning of Plaintiff's famous marks.

6. THAT the Defendants' infringement of Plaintiff's Federally Registered Marks and common law marks, and the Defendant's acts of unfair competition, dilution and false designation of origin, be found to have been willful.

7. THAT the Defendants' use of PANDA, PANDA 1 EXPRESS and a Panda Bear logo be found to have diluted Plaintiff's rights in its famous PANDA, PANDA EXPRESS and Panda Bear logo trademarks and servicemarks.

8. THAT the Defendants be found to have violated Michigan's Consumer Protection Act, particularly §445.903 thereof.

9. THAT the Defendants be enjoined from any further use of PANDA, PANDA EXPRESS, PANDA 1 EXPRESS, and a Panda Bear logo, as well as any other names, logo and marks confusingly similar thereto or colorable imitations thereof.

10. THAT the Defendants be found liable to the Plaintiff for damages caused by Defendants' infringement, unfair competition, false designation of origin, dilution and violation of the Michigan Consumer Protection Act, such damages to be trebled due to the Defendant's willful infringement and willful violations of Plaintiff's rights.

11.  THAT the Plaintiff be awarded damages in the amount of Defendants' profits as provided under 15 U.S.C. §1117(a).

12.  THAT the Court order destruction of any and all of Defendants' fixed uses of Plaintiff's name and marks as provided under 15 U.S.C. §1118.

13.  THAT the Plaintiff be awarded its costs and reasonable attorney fees related to this action.

14.  THAT the Court grant Plaintiff such other and further relief that is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

By:  \s\John A. Artz
John A. Artz (P24679)
John S. Artz (P 48578)
Thomas E. Donohue (P 57089)
**DICKINSON WRIGHT, PLLC**
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304-5092
Tel.   (248) 433-7200
Fax.   (248) 433-7274
jaartz@dickinsonwright.com
tdonohue@dickinsonwright.com
jsartz@dickinsonwright.com
*Attorneys for Plaintiff*

Dated:   February 2, 2009